# IN THE U.S. DISTRICT COURT OF MARYLAND
# FOR EASTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| Mr. Soni Mathew<br>5014 Elm Street, #4<br>Bethesda, Maryland | * | |
| | * | |
| Plaintiff | * | |
| v. | * | Case No. _____ |
| Punjabi by Nature, LLC<br>19405 Promenade Drive<br>Leesburg, Virginia 20176 | * | JURY TRIAL REQUESTED |
| | * | |
| Mr. Rajiv Chopra<br>20674 Exchange Street<br>Ashburn, Virginia 20147 | * | |
| | * | |
| Defendants | * | |

## COMPLAINT

Plaintiff, Mr. Soni Mathew, through undersigned counsel, states a complaint against Defendants Punjabi by Nature, LLC (t/a "Punjabi by Nature") and Mr. Rajiv Chopra ("Defendants"), pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and demands a jury trial, as follows:

### Introduction

1. This is a civil action for unpaid overtime wages, damages, and other relief provided by the FLSA, 29 U.S.C. § 201 *et seq.*

2. Plaintiff seeks, in addition to the actual sums owed, liquidated and statutory damages pursuant to the FLSA, and attorneys' fees and costs as provided under the under the FLSA.

## Jurisdiction and Venue

3. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 207 and 28 U.S.C. § 1331.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendants do business within this judicial district and the events giving rise to these claims occurred in this judicial district.

## Parties

5. Defendant Punjabi by Nature, LLC, a limited liability corporation formed in the Commonwealth of Virginia, owns and operates three separate Punjabi by Nature restaurants in the Northern Virginia area.

6. At all times material herein, Punjabi by Nature, LLC had an annual gross volume of sales made or business done in an amount exceeding $500,000.00.

7. At all times material herein, Defendant, Punjabi by Nature, LLC, has employed at least two or more employees who are engaged in commerce, and who produce goods for commerce, or handle, sell, or otherwise work on goods or materials that have moved in or were produced for commerce as a single enterprise under the FLSA. For instance, there are employees of the Defendants who unload food and beverage from producers and suppliers who operate in interstate commerce. There are employees who cook, serve, and otherwise handle this food, as well as the beverages, that cross interstate and even international boundaries. There are employees who regularly use wire and electronic means of communicating interstate, who also regularly sell food and beverages that has moved in interstate commerce, and who regularly process credit card transactions for customer payments. There are employees who use, in the Defendant's restaurant, cleaning products, dishes, tools, utensils, napkins, menus, signage,

among other items, that have moved in interstate commerce. Accordingly, subject matter jurisdiction exists because the Plaintiff was employed by Defendant Punjabi by Nature, LLC, a covered entity, satisfying the enterprise coverage provisions under the FLSA. As a covered enterprise, Punjabi by Nature, LLC has at all material times been an "employer" within the meaning of the FLSA.

7. Defendant Mr. Rajiv Chopra is, upon information and belief, an officer and owner of Defendant Punjabi by Nature, LLC. Defendant Chopra is and has been, at all times material herein, actively engaged in the management and direction of employees, including the Plaintiff, at the Punjabi by Nature restaurant located in Leesburg, Virginia, including the operation of the restaurant and employee pay matters, has possessed and exercised authority and discretion to fix, adjust and determine hours worked and amounts paid with respect to employees at all three Punjabi by Nature restaurants, including the Plaintiff, and has possessed and exercised authority to hire and fire employees, at all material times since the opening of the restaurant. Defendant Chopra has custody and control of business records and is responsible for maintaining those records. Defendant Chopra receives income and/or salary from Defendant Punjabi by Nature, LLC. At all times material herein, Defendant Chopra has been an "employer" within the meaning of the FLSA. Defendant Chopra is jointly and individually liable for damages to the Plaintiff, under the FLSA.

8. Plaintiff Soni Mathew worked for the Defendants primarily taking customer food orders at a counter and running (serving) the food to customers. Plaintiff Mathew performed work for the Defendants from June 15, 2015 to June 3, 2017.

9. Plaintiff worked six days a week. During the week (*Sunday-Thursday*), Plaintiff worked from 10:00 am and until 10:00 pm. During weekends (*Friday and Saturday*),

Plaintiff would work from 10:00 am until 11:00 pm, although Plaintiff might start earlier than 10:00 am that and leave later than 11:00 pm. Plaintiff thus worked more than 70 hours each week. Plaintiff's one day off per week was typically on Monday or Tuesday.

10. Plaintiff was paid $650.00 cash each week for his services. Plaintiff's pay was reduced if he was unable to come to work for illness or other exigent reasons.

11. By paying only $650.00 per month for Plaintiff's services, Defendants did not pay overtime wages to the Plaintiff.

12. By failing to pay overtime wages due to Plaintiff, Defendants willfully violated very clear and well-established overtime wage provisions of the FLSA. In addition to actual sums owed, Plaintiff seeks liquidated (statutory) damages pursuant to the FLSA, as well as attorneys' fees and costs as provided under the FLSA.

## General Allegations

13. As stated above and incorporated herein by reference, Plaintiff has been employed by the Defendants within the three years preceding the filing of this lawsuit.

14. Plaintiff performed hourly manual non-exempt restaurant work and was non-exempt from the overtime and minimum wage provisions of the FLSA.

15. Defendants violated the FLSA insofar as they failed to properly pay Plaintiff overtime when Plaintiff worked over forty hours per week, in the amount of 1 ½ times his respective regular rates of pay (as calculated in accordance with U.S. Department of Labor regulations), for overtime hours worked in excess of forty (40) hours per week.

## Causes of Action

### COUNT I
### FLSA - Failure to Properly Pay Overtime)

16. Plaintiff incorporates paragraphs 1-15, including subparagraphs, as set forth above, and states, in addition, that Defendants' actions complained of herein constitute a violation of Section 207 of the FLSA, because Defendants willfully failed to pay Plaintiff an overtime wage of at least 1 ½ times the applicable minimum wage of $7.25/hour, for certain statutory work weeks, and as a result, Plaintiff has failed to receive overtime pay, as required by Section 207 of the FLSA, 29 U.S.C. § 207.

### Prayer

Based on the foregoing allegations, Plaintiff respectfully requests that this Court grant money damages in an amount to be determined by the evidence, exclusive of attorney's fees and costs; and in support thereof, requests this Honorable Court to issue the following Orders:

(a) Order Defendants to pay Plaintiff all unpaid overtime wages payments determined by the Court to be due and owing, under the FLSA, as well as well as a sum of liquidated damages in an amount equal to the amount of any unpaid overtime wage payments awarded to Plaintiff pursuant to the FLSA;

(b) Award Plaintiff his attorneys' fees and costs in pursuing this action;

(c) Award Plaintiff interest on any sums determined due and owing from Defendants, including pre-judgment interest on attorneys' fees and costs in pursuing this action;

(d) Grant Plaintiff any additional relief that the Court deems appropriate and just.

Respectfully submitted,

*/s/ Howard B. Hoffman*
Howard B. Hoffman, Esq.
Virginia Bar No. 88694
Howard B. Hoffman Attorney at Law
600 Jefferson Plaza, Suite 304
Rockville, MD 20852
(301) 251-3752
(301) 251-3753 (fax)

Attorney for Plaintiff

## Jury Demand

The Plaintiff, by his attorney, hereby demands a jury trial as to all issues triable by a jury.

*/s/ Howard B. Hoffman*
Howard B. Hoffman