IN THE U.S. DISTRICT COURT OF MARYLAND
FOR EASTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| Soni Mathew | * | |
| Plaintiff | * | |
| v. | * | Case No. 1:17-cv-00756-LO-MSN |
| Punjabi by Nature, LLC, *et al.* | * | |
| Defendants | * | |

_____/

## MEMORANDUM OF LAW IN SUPPORT OF
## JOINT MOTION FOR APPROVAL OF SETTLEMENT

Plaintiff, Mr. Soni Mathew, together with Defendants, Punjabi by Nature, LLC, Mr. Rajiv Chopra, and Mrs. Shivani Chopra ("Defendants"), respectfully request that the Court approve a settlement agreement that they have reached concerning Plaintiff's lawsuit alleging unpaid overtime under the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 207. The Parties seek the Court's approval of the agreement because claims under the FLSA, like those released by Plaintiff in the Settlement Agreement between the parties ("Agreement"), may not be waived or released without U.S. Department of Labor or Court approval. *See* 29 U.S.C. § 216(c); *see also Taylor v. Progress Energy, Inc.*, 415 F.3d 364, 374 (4th Cir. 2005) vacated on other grounds 493 F.3d 454 (4th Cir. 2007) ("Again, the Supreme Court has consistently held that the rights guaranteed by the FLSA cannot be waived by private agreement between the employer and employee. Claims for FLSA violations can, of course, be settled when the settlement is supervised by the DOL or a court."); *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 476 (D. Md. 2010). The Parties further aver that:

1.      On June 30, 2017, Plaintiff Soni Mathew, a former employee of Defendants' "Punjabi by Nature" restaurant located in Leesburg, Virginia, filed a Complaint in the United States District Court for the Eastern District of Virginia seeking relief and recovery against Defendants for an alleged overtime violation under the Fair Labor Standards Act (FLSA).   The basis of the Complaint is that during the relevant employment period, Plaintiff did not receive overtime pay for certain hours allegedly worked each week.

2.      As alleged in Plaintiff's Complaint, Plaintiff worked for Defendants for the period December 15, 2015 to June 3, 2017.   He was paid a specific weekly sum for his services.

3.      Plaintiff claims that he regularly worked over 70 hours per week and was not paid overtime.

4.      Defendants assert that Plaintiff worked as a manager and was exempt from the overtime protections of the FLSA.   Additionally, Defendants dispute that the Plaintiff worked the amount of hours alleged.   Defendants further assert that they did not believe their pay practices were inconsistent with the FLSA.

5.      However, the parties wish to avoid the cost, uncertainty, and demands associated with litigating this case fully, and they have elected to resolve the case by way of a negotiated compromise.

6.      The Parties' proposed Settlement Agreement is attached hereto as Exhibit 1.

7.      Prior to reaching this Settlement Agreement, Counsel for Plaintiff and Defendants underwent settlement discussions.   The Parties exchanged correspondence,

2

documents, emails and telephone calls regarding the nature and extent of Plaintiff's claims. Included in these communications were detailed calculations of each parties' respective position. Plaintiff's counsel retained Elana Schulman, CPA/CFE, to perform calculations of Plaintiff's alleged damages, and concluded that Plaintiff was owed a maximum of $22,995.95 for overtime damages, including liquidated damages but excluding attorneys' fees and costs. (Exhibit 2; Hoffman Decl. ¶ 15).

8.     As set forth in the Settlement Agreement, the Parties agreed to a total gross settlement of $25,000. Of that settlement amount, $17,500.00 will be paid to the Plaintiff for overtime damages (compensatory and liquidated damages) and $7,500.00 will be paid to Plaintiff's counsel for attorney's fees and costs. There is no contingency fee (or other fee) being charged or collected in this case and Plaintiff's counsel submits his time and expense records for the Court's review. (Exhibit 2; Hoffman Decl ¶ 14; Exh. 2-A).

9.     Based on the information and documents exchanged between the Parties in conjunction with considering Plaintiff's demand, the Parties believe that the agreed settlement amount is fair and reasonable and constitutes a fair compromise of the claim.

10.     The attorney's fees were generally negotiated separately from the amount to be paid the Plaintiff for alleged overtime wage violations.[1]  (Exhibit 2; Hoffman Decl.

---

[1] If a motion demonstrates that a proposed fee award was agreed upon separately and without regard to the amount paid to the Plaintiff, then unless there is reason to believe that the Plaintiff's recovery was somehow adversely affected by the amount of fees to be paid to the attorney, the Court should approve the settlement without separately considering the reasonableness of the fee to be paid to Plaintiffs' counsel. *Kianpour v. Restaurant Zon, Inc., et al.*, DKC 11-0802, 2011 WL 5375082, *3 (D. Md. Nov. 4, 2011); *see also Phelps v. Detail USA, Inc.*, 2012 WL 254113, at *2 (M.D. Fla. Jan. 19, 2012) ("[W]hen attorney's fees are negotiated separately from payment to plaintiff(s), 'an in depth analysis [of the reasonableness of the fees] is not necessary unless the unreasonableness is apparent from the face of the documents.'") (citation omitted).

¶ 10). The parties first negotiated an amount to be paid for the Plaintiff for compensatory and liquidated damages. Fees and costs were then negotiated, without any reduction to the Plaintiff's settlement position. The amount of the settlement allocated to attorney's fees and costs is based on total hours expended by Plaintiff's counsel on the matter. Plaintiff's counsel, Mr. Hoffman, has expended 21.7 hours on the matter. (Exhibit 2; Hoffman Decl. ¶ 4). His hourly rate is $400/hour. *Id.* Based on the hourly rate and hours expended by Plaintiff's counsel, the attorney's fees total $8,440.00. *Id.* Additionally, Plaintiff's counsel incurred $593.77 in expenses and costs in this case, which include the filing fee, service of process, and the services of Elana Schulman, CPA/CFE. (Exhibit 2; Hoffman Decl. ¶¶ 6, 15). Plaintiff's Counsel's total fees and costs to date are therefore $9,033.77. Accordingly, the agreed upon fee amount of $7,500.00, which is $1,533.77 less than Plaintiff's counsel's total fees and costs, is reasonable.

11.     The Fourth Circuit Court of Appeals has followed the guidelines for approval of an FLSA settlement set forth by the Eleventh Circuit in *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350 (11th Cir. 1982); *see e.g. Lomascolo v. Parsons Brinckerhoff, Inc., et al.,* 2009 WL 3094955, at *8 (E.D. Va. Sept. 18, 2009); *Boone v. City of Suffolk, Va.,* 79 F. Supp. 2d 603, 605 (E.D. Va. 1999).

12.     An FLSA claim can be waived or settled in only two instances, *Brooklyn Sav. Bank v. O'Neil,* 324 U.S. 697, 706 (1945): (i) first, where the Secretary of Labor supervises the payment of back wages, and (ii) second, where the employer and employee(s) present the proposed settlement to the trial court for approval. 29 U.S.C. 216(c); *Lynn's Food Stores,* 679 F.2d at 1354. In this instance, the Parties seek this Court's approval of their Agreement. When reviewing a proposed settlement of an FLSA

4

claim, the Court must "scrutinize the settlement for fairness" and decide whether the proposed settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1353, 1355. Four factors should be examined to determine whether a proposed settlement is fair and reasonable: (i) Was the settlement achieved in an adversarial context? (ii) Were the [p]laintiffs represented by attorneys who can protect their rights? (iii) Does the settlement reflect a reasonable compromise over issues that are actually in dispute? (iv) Is the Settlement fair? *Id.* at 1354.

13.     With regard to these factors, it is significant to note the following: (i) this matter was settled as a result of an adversarial proceeding (this lawsuit) and an exchange of information and documentation and settlement negotiations which transpired between the Parties' counsel, with the Parties' knowledge and participation; (ii) the Parties settled this matter only after significant negotiation, information exchange and a review of governing statutes and case precedent; (iii) throughout this litigation, Plaintiff was represented by Counsel who adequately protected his rights; (iv) the settlement reflects reasonable compromises regarding *bona fide* disputes between the Parties regarding the question of exempt status and the amount of alleged damages under the FLSA; (v) the Parties agree that the settlement is fair, just and adequate to settle Plaintiff's claims.

14.     The Court should also take into account the risks inherent in litigation. "The fact that a proposed settlement may only amount to a fraction of the potential recovery does not indicate that the settlement is not fair and reasonable" after taking into account the risks and costs of litigation. *Quintanilla v. A&R Demolition, Inc.,* 2008 WL 9410399, at *5 (S.D. Tex. May 7, 2008) (quoting *Parker v. Anderson,* 667 F.2d 1204,

1210 n.6 (5th Cir. 1982)) (citing *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 455 (2d Cir. 1974)).

15. The endorsement of the settlement by counsel for the parties is a "factor [that] weighs in favor of approval." *Quantilla*, 208 WL 9410399, at *5. In reviewing the opinions of counsel, "a court should bear in mind that counsel for each side possess[es] the unique ability to assess the potential risks and rewards of litigation." *Id.* at *5 (citing *San Antonio Hispanic Police Officers' Org., Inc.* v. *City of San Antonio*, 188 F.R.D. 433, 461 (W.D. Tex. 1999)). In this case, the Parties settled according to specific calculations that assumed a lower number of hours alleged by Plaintiff but a higher number of hours alleged by Defendants. So, there was a clear compromise. Plaintiff's Counsel is fully aware of the factual contentions of the Plaintiff and is in the best position to opine as to whether this settlement produces fair results after consideration of risks. This is particularly true given the added fact that Plaintiff's Counsel utilized the services of a forensic accountant (Elana Schulman, CPA/CFE) to calculate potential unpaid overtime and spreadsheets were prepared based on the evidence available to the Plaintiff. *See Stephens v. Mac Business Solutions*, CBD 15-3057, 2016 WL 3977473, *2 n.2 (D. Md. July 25, 2016) (finding a fair and reasonable FLSA settlement based upon wage calculations prepared by Elana Schulman, CPA/CFE).

16. Consistent with the language in the Settlement Agreement, Plaintiff represents and agrees that the settlement payments reflect a fair compromise of all of Plaintiff's overtime claim, which is disputed by Defendants, for allegedly unpaid overtime.

6

WHEREFORE, for the forgoing reasons, the Parties respectfully request that this Honorable Court enter the accompanying Order, thereby approving the terms of the Parties' Agreement, supervise the payment of wages to Plaintiff, and after payment has been made, dismiss this action with prejudice.

| | |
|---|---|
| _____/s/_____ | _____/s/_ (signed with permission) |
| Howard B. Hoffman, Esq. | David G. Tripp, Esq. |
| Virginia Bar No. 88694 | Virginia Bar No. 39865 |
| 600 Jefferson Plaza, Suite 304 | 3702 Pender Drive, Ste. 220 |
| Rockville, Maryland 20852 | Fairfax, Virginia 22030 |
| (301) 251-3752 [tele] | (703) 860-2600 [tele] |
| (301) 251-3753 [fax] | (703) 860-2521 [fax] |
| hhoffman@hoholaw.com | dtripp@tripp-law.com |
| | |
| *Counsel for Plaintiff* | *Counsel for Defendants* |

September 27, 2017

## CERTIFICATE OF SERVICE

I hereby certify that on this day of 29th day of September, 2017, a copy of the foregoing Memorandum in Support of Joint Motion for Approval of FLSA Settlement, was filed via with the Clerk of the Court for the U.S. District Court for the Eastern District of Virginia using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

> David G. Tripp, Esquire
> Law Offices of David G. Tripp
> 3702 Pender Drive, Ste. 220
> Fairfax, Virginia 22030

> */s/ Howard B. Hoffman*
> Howard B. Hoffman

7