EXHIBIT
1

# SETTLEMENT AGREEMENT AND FULL AND FINAL RELEASE OF CLAIMS

This Settlement Agreement and Full and Final Release of Claims (the "Agreement") is made and entered into this 29th day of September, 2017, by and between Soni Mathew ("Plaintiff") and Punjabi by Nature, LLC; Rajiv Chopra; and Shivani Chopra (collectively, "Defendants"). Plaintiff and the Defendants are collectively referred to as the "Parties."

**WHEREAS**, Plaintiff performed services at the Punjabi by Nature restaurant located in Leesburg, Virginia; and after the relationship was terminated, Plaintiff contended that Defendants owed Plaintiff unpaid overtime wages;

**WHEREAS**, Plaintiff has pending against Defendants an action in the United States District Court for the Eastern District of Virginia, styled <u>Mathew v. Punjabi by Nature, LLC, et al.</u>, Case No. Case 1:17-cv-756-LO-MSN (the "Lawsuit"), alleging unpaid overtime wages under the Fair Labor Standards Act (FLSA), including claims for statutory/liquidated damages, attorney's fees, costs, and interest;

**WHEREAS**, Defendants have denied any and all allegations of wrongdoing asserted by Plaintiff;

**WHEREAS**, the Parties collectively desire to settle, fully and finally, all differences between them arising from or in any way connected with the Parties' working relationship with each other;

**NOW, THEREFORE**, in consideration of the mutual covenants and promises contained in this Agreement and other good and valuable consideration, and to avoid unnecessary and/or expensive litigation, it is hereby agreed by and between the Parties as follows:

1. **CONSIDERATION.** In consideration of Plaintiff's decision to enter into and execute this Agreement, Defendants shall agree to pay Plaintiff, through his counsel, the total sum of Twenty Five Thousand Dollars ($25,000.00) for the releases set forth herein, and to settle all claims involving Plaintiffs' Lawsuit, including but not limited to, claims for unpaid overtime, statutory/liquidated damages, and attorneys' fees, costs, and interest.

2. **PAYMENT.**

    a. Defendants agree to pay the total sum of Twenty Five Thousand Dollars ($25,000.00) subject to the following terms, and payable within five (5) business days following approval of this Agreement by the U.S. District Court, payable to Howard B. Hoffman, Attorney at Law, which payment shall include:

    (i) $17,500.00 in payment and satisfaction of Plaintiff's claims for overtime, statutory/liquidated damages, and interest; plus

    (ii) $7,500.00 in payment and satisfaction of Plaintiff's legal fees and

cost, which includes all legal fees incurred and to be incurred by Plaintiff associated with moving the U.S. District Court for approval of this Agreement and, if such motion is granted, dismissing the Lawsuit with prejudice.

b. Defendants agree that they will send the payment set forth in sub-paragraph 2(a) so that it is received by Plaintiff's lawyer, Howard B. Hoffman, Esquire, on or before the day in which the installment is due (unless the day is a weekend or holiday, in which case payment must be received on the first business day following the day in which the installment is due).

c. For tax purposes, the payment set forth in paragraph 2(a) shall be paid without any withholding and shall be reported to the IRS as paid to Howard B. Hoffman, Attorney at Law's Federal Employer Identification Number, on an IRS Form 1099, box 14, for the year in which it was paid. The recipient(s) of such payment shall be responsible for the payment of all taxes associated with such payment.

d. So that the Defendants may issue an IRS Form 1099 for 2017 reflecting the total payment made under this Agreement, Howard B. Hoffman, Esquire shall provide Defendants' counsel, David G. Tripp, Esquire, at the time that Plaintiff executes this Agreement, an executed IRS Form W-9 which shall accurately provide Mr. Hoffman's Federal Employer Identification Number.

2. **ADMISSION**: Plaintiff agrees that Defendants and other Releasees (as defined and identified in Section 5 below) have paid all sums earned by and owed to Plaintiff, including, but not limited to, all salary, tips, bonuses, wages (including minimum wages), commissions, overtime, business expenses, allowances, vacation pay, holiday pay, sick pay and other benefits and perquisites as a result of Plaintiff's alleged employment with Releasees and/or Plaintiff's separation from such alleged employment, and further acknowledges that the payment under this paragraph 2 is in full payment of anything of value to which he would be entitled under any policy, plan or procedure of Defendants. Plaintiff also expressly waives any right or claim that Plaintiff may have or may assert to employment or reinstatement to employment, or to payment for salary, back pay, front pay, interest, bonuses, damages, accrued vacation, accrued sick leave, accrued personal days, medical, dental, optical or hospitalization benefits, pension plan contributions, thrift savings plan contributions or benefits, education benefits, life insurance benefits, overtime, compensatory time, outplacement, severance pay, attorneys' fees, disbursements and/or costs.

4. **APPROVAL BY COURT / DISMISSAL WITH PREJUDICE** Upon full execution of this Agreement, Plaintiff's counsel shall file with the Court a Joint Motion to Approve the Settlement Agreement (the "Motion"). The Motion is attached to this Agreement as Exhibit A. The Motion shall attach a copy of this Agreement and shall request that the Court approve this Agreement. When the payment required by Paragraph 2 has been received by

Plaintiff and has unconditionally cleared, Plaintiff promptly shall so notify the Court and take all actions necessary to dismiss this Lawsuit with prejudice. The Parties agree that this Agreement is contingent upon the U.S. District Court for the Eastern District of Virginia's approval of all the material terms of the Agreement and the granting of the Motion, and should the U.S. District Court for the Eastern District of Virginia not approve all the material terms of this Agreement, the Agreement will be null and void and no legal effect. No party shall have the right to appeal any decisions, orders, or judgments entered in this Lawsuit that approves this settlement and then dismisses the Lawsuit with prejudice.

5. **FULL AND FINAL RELEASE.** Except for Defendants' obligations under this Agreement, in consideration for the payment being provided to Plaintiff's counsel by Defendant, Plaintiff, for himself, and for his attorneys, heirs, executors, administrators, successors and assigns, fully, finally and forever waives, releases and discharges the Defendants, including, as applicable, all of Defendants' heirs, executors, administrators, parents, subsidiaries and/or any alleged affiliated or commonly-controlled companies (including but not limited to Jai Durga, Inc.) or companies alleged to form a single enterprise or joint employer, as well as their and their successors, assigns, officers, owners, supervisors, members, agents, representatives, attorneys, and employees (all of whom are referred to throughout this Agreement as "the Releasees"), of and from all claims, demands, actions, causes of action, suits, damages, losses, and expenses, of any and every nature whatsoever, known or unknown, as a result of actions or omissions occurring from the beginning of time through the effective date of this Agreement. Without limiting the generality of the foregoing, specifically included in this waiver and release are, among other things, any and all claims of alleged retaliation, either as a result of the cessation of Plaintiff's alleged employment or otherwise, any and all claims alleging wrongful termination, the failure to pay wages (including the minimum wage), improper deductions for housing, the failure to pay overtime, retaliatory discharge, discrimination, harassment or retaliation in employment on the basis of race, color, sex, religion, national origin, age, disability, handicap, marital status, or any other category protected by applicable federal, state or local law, and/or the violation of any rights under: the ADEA; Title VII of the Civil Rights Act of 1964; the Civil Rights Acts of 1866 and 1871; the Civil Rights Act of 1991; the Equal Pay Act; the Americans with Disabilities Act; the Family and Medical Leave Act; the Fair Labor Standards Act; the Employee Retirement Income Security Act of 1974; the National Labor Relations Act; the Immigration Reform and Control Act of 1986; the Occupational Safety and Health Act; the Fair Credit Reporting Act; the Sarbanes-Oxley Act of 2002; the Virginia Payment of Wage Law; and the Virginia Minimum Wage Act;; or any other federal, state or local laws or regulations prohibiting employment discrimination or regulating employment, the payment of wages or the termination of employment in any way, negligent or intentional infliction of emotional distress, breach of contract, fraud, or any other unlawful behavior, the existence of which is specifically denied by the Defendants and other Releasees. This Agreement does not bar either party from bringing an action to enforce the terms of this Agreement in the event of a breach and/or default.

    a.    This Release further includes any and all claims for damages, penalties, attorneys' fees or costs relating to or in any way connected with the matters referred to herein, whether or not now known or suspected to exist, and whether or not specifically or particularly described or referred to herein.

      b.      Plaintiff expressly waives any right to assert hereafter that any claim has, through ignorance, oversight or error, been omitted from the terms of this Agreement.

      c.      Plaintiff represents that he has not heretofore assigned or transferred, or purported to assign or transfer, to any person or entity, any claim, whether known or unknown, or any portion thereof or interest therein, which Plaintiff had, has, or may have against Releasees.

**6. RIGHT TO FILE A CHARGE/COMPLAINT OR PARTICIPATE IN GOVERNMENT INVESTIGATION**: Nothing contained anywhere in this Agreement, and no obligation set forth anywhere in this Agreement, including, but not limited to, the General Release and the Non-Disparagement and Non-Publicity obligations, is intended to, or will, preclude Plaintiff from filing any charge or complaint with any government agency, including the Equal Employment Opportunity Commission or National Labor Relations Board, or participating in, or cooperating with, any lawful government investigation, or Defendants from defending against same. The initiation of a charge or complaint with a government agency, and/or the participation in, or cooperation with, or defense of, a government investigation shall not be considered a breach of any obligation otherwise set forth in this Agreement. However, by signing this Agreement, Plaintiff agrees and acknowledges that he is waiving and releasing any right to receive further or additional monetary relief or individualized equitable relief. The consideration provided in this Agreement, as set forth above, shall constitute the full extent of any individual relief to which Plaintiff is entitled regarding anything occurring on or before the date on which he signs this Agreement, including anything regarding Plaintiff's alleged employment with the Defendants and Releasees and/or the termination of that relationship.

      7.      **NO OTHER CLAIMS.** Plaintiff represents and warrants that Plaintiff has not filed, nor assigned to others the right to file, nor are there currently pending, any complaints or lawsuits against the Defendants (or any Releasee) with any court other than the Lawsuit, and Plaintiff hereby promises that Plaintiff will not file, or assign to others the right to file, or make any further claims against the Defendants and/or any of the Releasees, on behalf of himself or others, at any time for actions taken up to and including the date Plaintiff executes this Agreement. Plaintiff waives all collective and/or class allegations and withdraws, and if filed, agrees to dismiss same with prejudice, and neither Plaintiff, nor any of Plaintiff's attorneys, shall amend this lawsuit or otherwise file additional pleadings, motions or papers, other than those pleadings, motions and/or papers necessary to seek approval of this Agreement or engage in enforcement proceedings.

      8.      **NON-ADMISSION OF LIABILITY OR WRONGFUL CONDUCT.** This Agreement shall not be construed as an admission by the Defendants or Releasees of any liability or acts of wrongdoing, nor shall it be considered to be evidence of such liability or wrongdoing. Defendants and Releasees do not admit, and specifically deny, any liability to Plaintiff, and any wrongdoing or violation of any law, statute, regulation, agreement or policy, and that Defendants

are entering into this Agreement and providing the payment and benefits set forth herein solely for the purpose of avoiding the burdens and expenses of further litigation. The Parties acknowledge and agree that no judgment has been entered as to any findings of liability or wrongdoing of any kind have been made by any court of law or administrative agency.

      9. **NON-DISPARAGEMENT AND NON-PUBLICITY.** Subject to the limitations set forth in Paragraph 6:

      a. Plaintiff agrees not to make any disparaging or derogatory statements about any Defendants or Releasees to any third party. In the event Plaintiff discloses information about Defendants or Releasees pursuant to a government investigation, subpoena or court order, he shall provide truthful information in good faith.

      b. Except as may be required to effect approval by the Court of this Agreement and dismissal of the Lawsuit, Plaintiff will not seek out others or initiate any communications with others to disseminate any information concerning this Agreement. If others approach the Plaintiff with regard to this Agreement, Plaintiff will advise any such person only that his claims against the Defendants have been settled. Without limitation, the Plaintiff will not publicize the Agreement or settlement amount and will not blog, email, or post on any website, including any social media outlets, any statements or information concerning the Agreement or settlement amount, nor shall he direct others to do what they are otherwise prohibited from doing under this paragraph. Plaintiff may discuss the amounts that he received in this settlement only with Plaintiff's spouse, domestic partner, and tax advisors and/or attorneys, or pursuant to a subpoena. Employee shall also not state, imply, suggest or tell others that Employer has accepted fault or otherwise admitted that it owes Employee or any other person any additional wages or monies.

      10. **GOVERNING LAW/VENUE.** This Agreement is to be interpreted, enforced, and governed by and under the laws of Virginia, without giving effect to the conflict of laws rules and principles thereof. The Parties agree that this Agreement is made within Fairfax County, Virginia and for venue shall be within Fairfax County, Virginia for purposes of resolving any and all disputes under this Agreement, other than the failure of Defendants to make payment under paragraph 2, which may be enforced in the United States District Court for the Eastern District of Virginia.

      11. **SOLE AND ENTIRE AGREEMENT.** This Agreement sets forth the entire agreement between the Parties. Any prior agreements between or directly involving the Parties to the Agreement are superseded by the terms of this Agreement and thus are rendered null and void.

      12. **NO OTHER PROMISES.** Plaintiff affirms that the only consideration for Plaintiff signing this Agreement is that set forth in Paragraphs 1 and 2 and that no other promise or agreement of any kind has been made to or with Plaintiff by any person or entity to persuade or cause Plaintiff to execute this document, and that Plaintiff fully understands the meaning and intent of this Agreement, including but not limited to, its final and binding effect.

13. **LEGALLY BINDING AGREEMENT.** Plaintiff, in receiving a copy of this Agreement, acknowledges that he has been advised in writing to seek the advice of his attorney before signing this Agreement, he has had adequate opportunity to so consult, and has so consulted. Plaintiff understands and acknowledges that upon Court approval of this Agreement: (a) that this is a legally binding release contingent upon Court approval of this Agreement; (b) that by signing this Agreement, Plaintiff is hereafter barred from instituting claims against any of the Releasees in the manner and to the extent set forth in Paragraphs 3, 5 and 6; and (c) that this Agreement is final and binding. This Agreement shall be binding upon and inure to the benefit of Defendants, Releasees, and Plaintiff, and their respective heirs, attorneys, administrators, representatives, executors, successors and assigns.

14. **CONSTRUCTION.** This Agreement shall not be construed against the party preparing it, but shall be construed as if all Parties jointly prepared this Agreement and any uncertainty and ambiguity shall not be interpreted against any one party.

15. **SEVERABILITY.** Each provision of this Agreement shall be considered severable, and if any provision of this Agreement (except Sections 2 and 5) shall be held illegal, invalid, or otherwise unenforceable under controlling law, the remaining provisions of this Agreement shall not be affected thereby but shall continue in effect.

16. **HEADINGS.** The headings or titles of the paragraphs contained herein are for guidance purposes only and have no force or effect, nor do they in any way alter the terms or meaning of this Agreement.

17. **AGREEMENT IS KNOWING AND VOLUNTARY.** Plaintiff further represents and acknowledges that none of the Defendants or other Releasees have made any representations, statements, promises, inducements, threats or suggestions to influence them to sign this Agreement, except those promises and other statements which are expressly set forth herein. This Agreement has been prepared in English and its English interpretation shall only apply to the Agreement and shall be binding upon the parties. Plaintiff represents and warrants that he has fully discussed this Agreement with his attorneys, has consulted with a translator of their choosing if he deems translation to be necessary and/or desirable, that he understands all terms, and that his execution of this Agreement is completely voluntary.

18. **ELECTRONIC SIGNATURES/COUNTER-PARTS.** Defendants and Plaintiff agree that this Agreement may be executed in counterparts, each of which shall be deemed an original, but that such counterparts shall together constitute one and the same agreement. The signature and execution of this Agreement by any of the parties may be evidenced by facsimile, photocopy, or electronic transmission and such signature and execution shall be deemed to constitute the original signature of the party. Signatures may be made and delivered electronically to the fullest extent permitted under the Virginia's Uniform Electronic Transactions Act (UETA), Va. Code §§ 59.1-479, *et seq.*

*PLEASE READ THIS DOCUMENT CAREFULLY. THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.*

| | |
|---|---|
| Date: 9/29/2017 | *[signature]* <br> Soni Mathew |
| Date: 9/29/17 | *[signature]* <br> Rajiv Chopra |
| Date: 09/29/17 | For: Punjabi by Nature, LLC, and herself, individually <br> By: *[signature]* <br> Name: Shivani Chopra <br> Title: Member-Manager |

Case 1:17-cv-00756-LO-MSN Document 19-1 Filed 09/29/17 Page 7 of 7 PageID# 75
DocuSign Envelope ID: 7EE84CBC-5DB7-4529-A70B-AB0A6F421666