
EXHIBIT
2

IN THE U.S. DISTRICT COURT OF MARYLAND
FOR EASTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| Soni Mathew | * | |
|     Plaintiff | * | |
| v. | * | Case No. 1:17-cv-00756-LO-MSN |
| Punjabi by Nature, LLC, *et al.* | * | |
|     Defendants | * | |

## DECLARATION OF HOWARD B. HOFFMAN

1. I, Howard B. Hoffman, Esq., am at least 18 years of age and competent to testify, and I am not a party to, or related to a party, in this action. I serve as counsel to the Plaintiff in the above-referenced matter.

2. I am an attorney in private practice, and I concentrate on employment law. I have extensive experience prosecuting and defending wage and hour cases. I opened my own firm in 2002. From 1999 to 2002, I practiced in two prominent boutique employment law firms representing management clients. I have been practicing law since 1999. I am admitted to the Maryland bar (since 1999), the District of Columbia bar (since 2007), and the Virginia bar (since 2015), as well as the U.S. Court of Appeals for the Fourth Circuit, the U.S. District Court for the District of Maryland, the U.S. District Court for the District of Columbia, and the U.S. District Court for Eastern District of Virginia.

3. As far as the Settlement Agreement is concerned, Plaintiff's counsel will receive a combined total $7,500.00, to reimburse for expenses and compensate for total time spent (both to date and moving forward).

4. Through today's date (September 27, 2017), I have incurred a minimum of 21.70 hours in this case at $400/hour, for a total value of $8,440.00. In this case, I was entirely responsible for communications with my client and with opposing counsel, investigation of claims, drafting the pleadings, negotiating the settlement, review and revision of the settlement documents (including the Joint Motion).

5. I estimate that I will have an additional 2.5 hours of time subsequent to today's date, monitoring the developments of this case, communicating with my client, communicating with opposing counsel, transmitting payments and dismissing this case (and this assumes no Court hearing). This is my best estimate and it could be more. Notably, I do not just send checks to clients and wash my hands of them. When I close a case, I take time to make sure that the clients, some of whom may be receiving the largest amount of money that they have ever received at one time, receive some basic financial, legal, and tax advice. Post-settlement, I generally encourage my clients to pay all estimated taxes and walk them through the steps for how to do so.

6. Through today's date, itemized and reimbursable listed costs in this case are $593.77, consisting of the filing fee, postage, expert witness fees. Not included in the itemized costs are any costs for computerized legal research (I utilize WESTLAW) and printing. I anticipate that I will incur, upon approval of this settlement, at least $5.95 in additional priority mail (USPS tracking) postage.

7. Therefore, I estimate that my total time in this case, through the date of payment and the dismissal of the litigation, is 24.2 hours. Together with estimated costs through dismissal, the total amount is $9,833.77.

8. By accepting a combined total of $7,500.00 for fees and cost reimbursement, I have

substantially discounted my time as it relates to this settlement.

9. I have maintained time and costs records in this case, which I have placed into "RocketMatter"© software. The time records set forth as Exhibit A to this Declaration are true and correct records of time entries inputted on a daily basis, and are contemporaneous business records held in the ordinary course by my private law practice. The time records reflect actual time expended in the prosecution of this litigation (the "RocketMatter" entries have not been placed into the Court's required lodestar billing format). The time incurred is a reasonable amount, necessarily incurred in order to complete basic objectives in the prosecution of this matter. The time reflects the number of issues that the Defendants raised or could have raised as a defense in this case. To the fullest extent practical, I have specified the time spent per task, and I have avoided the practice of block billing.

10. The hourly rate that I claim, i.e., $400/hour. Notably, fees and costs in this case were negotiated after a final offer was presented on behalf of the Plaintiff's compensatory and liquidated damage recovery.

11. Before I began my eighteenth year of practice, I received awards of $300.00 an hour, in the District of Maryland, in the following cases: Chapman et al. v. Ourisman Chevrolet Co., Inc., 2011 WL 2651867 (D. Md. 2011) (Williams, J.) (granting $300.00/hour to Hoffman based on review of credentials and declarations of attorneys in the community); Spencer v. Central Services, LLC, et al., Case No. CCB-10-3469, 2012 WL 142978 (D. Md. Jan. 13, 2012) (Blake, J.) (granting Hoffman $300.00/hour in attorneys' fees, referring to Hoffman's work as "laudable", and granting all time requested by Hoffman in an FLSA case); Durham v. Jones, WMN 10-2534, 2012 WL 3985224 (D. Md. Sept.

10, 2012) (Nickerson, J.) (granting Hoffman $300.00/hour, and remarking that Hoffman's timesheets "thoroughly account[ed]" for claimed hours). I was most recently awarded an increase to $400/hour in <u>Jackson et al.v. Egira, LLC, et al.</u>, RDB 14-3114, 2016 WL 5815850 (D. Md. Oct. 5, 2016).

12. In the course of representing businesses and some individuals, I include and bill to my clients any disbursements representing the same costs incurred in this case (e.g., postage, copies, conference calls, court reporters, experts, etc.).

13. I am an honors graduate of University of Maryland School of Law (May, 1999). I have been a member of the Maryland bar since December 1999 and this Court since January 2000. I have been a Contributing Revisions Editor, Fair Labor Standards Act (BNA/ABA) from 2002 to 2016. I spoke at a seminar in December 2012 for the Maryland Employment Lawyers Association titled "Bringing Your First FLSA Collective Action: The Guts and Glory Of Overtime Wage Cases." I was selected to speak at a Lorman seminar in June 2013 to discuss principles of law under the FLSA. Most recently, I received the honor of being designated a "SuperLawyer"® in Maryland employment law.

14. As stated, I have extensive experience in prosecuting and defending wage and hour lawsuits, and that makes me rather uniquely qualified to provide this Declaration. Many of the well-known reported decisions in the District of Maryland addressing overtime and minimum wage rights, are cases that I have either prosecuted (represented the employee) or defended (represented the employer). These notable and widely cited decisions include, but are not limited to: <u>Rose v. New Day Financial, et al.</u>, 816 F.Supp.2d 245, 2011 WL 4103276 (D. Md. Oct. 5, 2011) (Quarles, J.) (represented employer; motion to

compel class-waiver arbitration granted); <u>Chapman et al. v. Ourisman Chevrolet Co., Inc.</u>, 2011 WL 2651867 (D. Md. 2011) (Williams, J.) (representation of employee class in minimum wage dispute; summary judgment for employer denied); <u>Williams et al. v. ezStorage Corp.</u>, 2011 WL 1539941 (D. Md. Apr. 21, 2011) (Bennett, J.) (conditional certification of FLSA collective action on behalf of employees); <u>Gionfriddo et al. v. Jason Zink, LLC, et al.</u>, 769 F.Supp.2d 880 (D. Md. 2011) (Bennett, J.) (represented employer in FLSA case; granting motion for decertification); <u>Dorsey et al. v. The Greene Turtle Franchising Corp.</u>, 2010 WL 3655544 (D. Md. 2010) (Blake, J.) (represented employees; grant of conditional certification of FLSA collective action); <u>Williams et al. v. Long (d/b/a "Charm City Cupcakes")</u>, 585 F.Supp.2d 679 (D. Md. 2008) (Grimm, J.) (represented employees; grant of conditional certification of FLSA collective action (widely cited in District)); <u>Spencer v. Central Services, LLC, et al.</u>, Case No. CCB-10-3469, 2012 WL 142978 (D. Md. Jan. 13, 2012) (grant of attorneys' fees and costs in FLSA case); <u>Dorsey et al. v. TGT Consulting, LLC</u>, 888 F.Supp.2d 670, 2012 WL 3629209 (D. Md. Aug. 20, 2012) (Blake, J.) (holding employee's earning statements were insufficient to inform employees of FLSA's tip credit requirements); <u>Saman v. LDBP, Inc.</u>, 2012 WL 5463031 (D. Md. Nov. 7, 2012) (Chasanow, J.) (dismissal of supplemental state claim of wrongful discharge in FLSA case). Several of the aforementioned decisions resulted in additional precedent setting decisions in that same case, although they are not cited here.

14. I have not charged (and will not charge) the Plaintiff in this case for any of the costs or fees that have been incurred in this case. No contingency fee is being charged to the Plaintiff.

15. To calculate the Plaintiff's losses, I hired an expert witness, Elana Schulman, CPA/CFE, whose work has been recognized by this Court. See Mould v. NJG Food Services, Inc., et al., JKB 13-1305, 2013 WL 6331286, *17 (D. Md. Dec. 4, 2013) (Bredar, J.) (Observing in an FLSA case, "[t]he Court agrees with the general principle behind Ms. Schulman's calculation."). A true and correct copy of Ms. Schulman's calculations are attached as Exhibit B to this Declaration. Ms. Schulman calculated that the Plaintiff was owed, at least according to his allegations, $22,995.95 in overtime damages, including liquidated damages but excluding attorneys' fees and costs.

16. The Plaintiff in this case is receiving approximately 1.5x his compensatory loss, according to Plaintiff's allegations. The settlement in this case is fair and reasonable, given the dispute over hours. Legal fees and costs were negotiated separately and only after my client agreed to accept a compromised amount.

17. I would request that the Court approve the proposed Settlement Agreement, together with the proposed award of $7,500.00 to counsel.

**DECLARANT FURTHER SAYETH NAUGHT**

I solemnly affirm under the penalties of perjury that the contents of the foregoing affidavit are true and correct.

_____
Howard B. Hoffman, Esq.

September 29, 2017